## DWYER *v.* RATHBONE, SARD & CO.

*(Supreme Court, General Term, Third Department. July 2, 1888.)*

COURTS—JURISDICTION OF COUNTY COURTS—WHEN ATTACHES.

A declaration in the county court for work performed, which alleges that the work was reasonably worth $1,000, "or thereabouts," and that defendants had only paid $500, "or thereabouts," and prays an account, and for judgment for the balance found due, is sufficient to give the court jurisdiction from the date of service of process, under Const. N. Y. art. 6, § 15, providing that county courts shall have original jurisdiction "in all cases * * * in which the damages claimed shall not exceed $1,000," and the jurisdiction will continue until judgment is demanded for more than $1,000.

Appeal from Albany county court; JOHN C. NOTT, Judge.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*George L. Stedman*, for appellants.    *B. R. Heyward* for respondent.

INGALLS, J. This action was commenced by the plaintiff, Deborah Dwyer, in the county court of Albany county, to recover of the defendants, Rathbone, Sard & Co., compensation for the services of her son, who was a minor. The answer does not allege want of jurisdiction, nor was the complaint demurred to for that reason, or any other. The appeal papers do not show that the complaint was served with the summons. No objection in any form appears to have been made by the defendants to the complaint, or to the jurisdiction of the county court, until the action was moved for trial, which occurred on the 21st day of November, 1887, when the defendants' counsel moved to dismiss the complaint on the ground that it showed on its face that the court had no jurisdiction; whereupon the plaintiff's counsel moved to amend the complaint so that the prayer for relief would read: "Wherefore

the plaintiff demands judgment for the sum of one thousand dollars, or any less amount which may be found due on account of the services mentioned therein." The amendment was allowed, and the motion to dismiss the complaint was denied. The effect of such amendment would seem to be merely to allow the plaintiff to make definite and certain her complaint in regard to the demand for judgment, which, without such amendment, was indefinite; and such relief appears to have been properly granted, and within the power of the court to allow. No further step seems to have been taken in the action until the 6th day of March following, when the court granted an order directing an inspection of the account-books of the defendants, and an appeal was taken by the defendants from such order, which is the appeal now under consideration. The defendants' counsel contends that such order was not regular, for the reason that the county court possessed no jurisdiction of the action, and therefore the order was void; that such want of jurisdiction is apparent upon the face of the complaint, in that it is not alleged that the plaintiff's claim for judgment did not exceed $1,000, which presents the real and only question upon this appeal. The constitution of the state (article 6, § 15) provides, among other things, in regard to the jurisdiction of the county court, as follows: "They shall also have original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed one thousand dollars." By section 2 of the Code of Civil Procedure the county court is declared to be a court of record, and we have seen that the constitution confers upon such courts original jurisdiction within certain limits. The Code of Civil Procedure, also, by section 340, in defining the jurisdiction of the county court, provides as follows: "(3) To an action for any other cause, where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding one thousand dollars." It will be perceived that the provision of the constitution to which we have referred, does not declare that the allegation of the complaint, as to residence of the defendants, or the amount of the plaintiff's claim, shall be the test of jurisdiction. That is to be found only in the Code of Civil Procedure, to which reference has been made. While such question of jurisdiction may be raised by demurrer where the defect appears upon the face of the complaint, or by answer where it does not thus appear, yet section 499 of the Code provides that the omission to demur or answer shall not be deemed a waiver of such objection. Upon the facts which appear by the appeal papers, we deem it justifiable to hold that jurisdiction was acquired by the service of the summons, and continued until it clearly appeared that there was a failure thereof, by a demand for a money judgment which exceeded $1,000. *McIntyre* v. *Carriere,* 17 Hun, 65. The case at bar seems to be brought clearly within the doctrine of the decision referred to, and which recognizes the power of the court to direct an amendment of the demand for judgment. In an important particular the case under consideration seems less objectionable than the one referred to, so far as the right to direct an amendment is concerned, for the reason that an examination of the complaint herein will show that, strictly, there was no demand of judgment for any specific sum of money; and whether the plaintiff sought to recover an amount exceeding $1,000 was purely matter of inference. It is stated, in substance, that the work, labor, and services of the plaintiff's son were reasonably worth the sum of $1,000, or thereabouts, and that the defendants had only paid the plaintiff the sum of $500, or thereabouts. It should not, we think, be held, for the purpose of depriving the court of jurisdiction, that the words "or thereabouts" must be construed to increase the plaintiff's claim beyond $1,000, rather than so as to bring it short of that sum. Again, the complaint states that the payments made by the defendants which were to apply upon the plaintiff's claim amounted to

$500, "or thereabouts." Webster defines the word "thereabouts" as follows: "(2) Nearly; near that number, degree, or quantity." It would seem to be a reasonable construction of the pleading, in view of all the facts, to hold that the plaintiff's claim under the original complaint, before the amendment, was for a sum of money less than $1,000, and therefore within the jurisdiction of the court. The claim for judgment in the complaint before the amendment was as follows: "Wherefore the plaintiff demands judgment that an account be taken of the work, labor, and services of said John Dwyer, and of the payments, made on account thereof, of the defendants, and that judgment be rendered in her favor for whatever sum still remains unpaid, together with costs." Such demand for an account was obviously not intended by the pleader in the technical legal sense, but rather as a demand that the value of the services should be ascertained, and the payments applied thereon, and the balance declared. Strictly construed, the complaint does not contain a demand for a definite sum of money; and the amendment at the trial supplied that defect, if such it should be regarded, and thereby brought the demand for judgment clearly within the provision of section 340 of the Code of Civil Procedure, subsec. 3, "wherein the complaint demands judgment for a sum of money only, not exceeding one thousand dollars." Under the present system of pleading, a construction is to be placed upon the pleading which tends to uphold rather than to overthrow it. Applying such rule of interpretation to the complaint herein, we think it may fairly be held that the claim of the plaintiff did not exceed the jurisdiction of the county court. The pleading might have been more definite; which the defendants could have required by motion to do if they had deemed it necessary. The facts developed by this appeal are peculiar, and we deem the case distinguishable from *Gilbert* v. *York*, 41 Hun, 594, cited by the counsel for the appellant. But even in that case an amendment of the pleading was allowed by the general term. In the case at bar there is no pretense but that the court possessed jurisdiction of the parties, as they all resided within the county of Albany; and the defendants appeared generally in the action by attorneys. We refer to *Ross* v. *Konor*, *ante*, 169, which was argued in this court at the May term. The order should be affirmed, with costs.